This is a bill brought by the surviving husband, who has taken out letters of administration on the estate of his deceased wife, for negro Judith and her increase, which he alleges belonged to her. If she had any title to the property in question, she derived it from the deed which it is admitted by both parties the defendant, her father, executed to her, and which it is also admitted was returned to the father for the purpose of being registered. If the matter rested here, although the father may have mislaid or destroyed the deed, the rights of the daughter would not be impaired, provided the contents of the deed could be established. But the evidence shows that afterwards, before the marriage of the daughter with the complainant, she released her father from any obligations which he was under to have the deed registered, and restored to him all right which he had to the negro before it was executed, by authorizing him to destroy it, and saying, if she lived and should have children, she had rather rely on the provision which he should make for her by will. If she herself was living, she could not claim the interposition of this Court, to set up this deed against her own voluntary consent given for its destruction, when she was a free agent, and where it does not appear that any fraud was practiced upon her to procure that consent. As the complainant cannot be in a better situation than she would be if living and single, as to the property in question, I concur in the opinion that the bill should be dismissed.
HENDERSON, J., concurring, also, Bill dismissed. *Page 102 
(223)